UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RICHARD ALAN MEDLAR, | CASE NO. 1:06 CV 1118 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | MEMORANDUM OF OPINION |
| MAUREEN ADLER GRAVENS, et al., | AND ORDER |
| Defendants. | |

On May 5, 2006, plaintiff pro se Richard Alan Medlar filed this action under 42 U.S.C. § 1983[1] against Rocky River Municipal Court Judge Maureen Adler Gravens, Magistrate Kelly Serrat, Barbara Valponi, Donna Congeni Fitzsimmons, and Judy Nash.[2] In the complaint, plaintiff contests his conviction and incarceration. He seeks $ 1,003,657.00.[3]

---

[1] Mr. Medlar does not specify that he is asserting his claims under 42 U.S.C. § 1983. He merely states that his pleading concerns "civil rights and constitutional rights." (Compl. at 1.) Because the Constitution does not directly provide for damages, plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. Sanders v. Prentice-Hall Corp. Sys., 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of plaintiff's claims, the court construes these claims as arising under 42 U.S.C. § 1983.

[2] Mr. Medlar identifies only Judge Gravens and Magistrate Serrat in the body of his complaint. He does not reveal the official titles, if any, of the other defendants. He does, however, list their collective addresses as "c/o Rocky River Municipal Court." (Compl. at 1.)

[3] The pleading contains no actual prayer for relief. The Civil Cover Sheet filed with his complaint indicates that he is requesting monetary damages in the amount of $1,003,657.00.

## *Background*

Mr. Medlar's complaint is very brief. After listing the defendants and indicating he is asserting claims regarding "civil rights and constitutional rights," he claims:

> (A) Animosity towards the plaintiff. In combined cases in 2000-2001 Judge Gravens knowingly forced the plaintiff to serve 362 days on a 360 day sentence. Through ex parte communication Judge Gravens was informed of proof of a witness'[s] perjury. Said witness admitted perjury to Magistrate Serrat in a later case. Perjured testimony placing plaintiff in jail has not been punished.
> (B) Violation of plaintiff's Miranda Rights. In second related case, PRMC, 04 CRB 340, Magistrate Serrat proceeded with hearing and sentencing without plaintiff's court-appointed attorney of record being present.

(Compl. at 1.) He then states that his complaint is "continued on separate sheet." (Compl. at 1.) The only sheet attached to this first page is a letter written by an individual who claims to have had four strokes in October 2003 and who relies on Mr. Medlar for transportation to medical appointments. There are no other allegations against the defendants and there is no prayer for relief set forth in the complaint.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[4] Neitzke v.

---

[4] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v.

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

   As a threshold matter, Mr. Medlar fails to identify any particular constitutional right he believes to have been violated by the defendants. He provides a very short narrative of facts and then concludes that the defendants violated his "civil rights and constitutional rights." (Compl. at 1.) Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action.

---

Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Furthermore, even if Mr. Medlar had identified a specific cause of action in his complaint, it still could not proceed against these defendants. Mr. Medlar cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Defendants Barbara Valponi, Donna Congeni Fitzsimmons, and Judy Nash are not mentioned at all in the body of the pleading. The complaint simply contains no facts which reasonably associate these defendants to any of the incidents described by the plaintiff.

While Judge Gravens and Magistrate Serrat are referenced in the body of the complaint, they are absolutely immune from civil suits for money damages. Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. Barnes, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116. Stump, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Id. There simply are no facts alleged which reasonably suggest that Judge Gravens or Magistrate Serrat acted outside the scope of their respective official duties.

## *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

FILED
AUG 03 2006
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

---

[5] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.